Clive A. Lynch
2528 Glen Garden Dr
Fort Worth, Tx 76119
(817) 696-6532
clivelynch57@gmail.com
pro se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| Clive A. Lynch | CASE NO: 4:24-cv-00782-P-BP |
|---|---|
| Plaintiff, | |
| V. | |
| DEUTSCHE NATIONAL TRUST COMPANY, ET AL., | FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, QUIET TITLE, AND DAMAGES |
| Defendants | |
| | REQUEST IN EQUITY AND DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, QUIET TITLE, AND DAMAGES

Plaintiff Clive A. Lynch, appearing pro se, files this First Amended Complaint against Defendants Bank of America, N.A. and Deutsche Bank National Trust Company, and alleges as follows:

### I. INTRODUCTION

This action arises from a pattern of mortgage servicing misconduct, material misrepresentations, unlawful imposition of escrow accounts, wrongful assessment of fees, and violation of a federal bankruptcy discharge order. The Plaintiff entered into a mortgage transaction that was based on false premises and was later subjected to unlawful servicing

practices including fabricated delinquencies, returned payments, and attempts to collect on a discharged debt.

Plaintiff contends that Defendants used deceptive practices to gain unjust financial advantage and attempted to enforce a void or unenforceable security interest in Plaintiff's property. Defendants' conduct has caused the Plaintiff to suffer financial harm, reputational damage, emotional distress, and the risk of losing his home.

Plaintiff seeks declaratory and injunctive relief to prevent further unlawful collection efforts, a quiet title order extinguishing any fraudulent claims, restitution for sums wrongfully taken, and compensatory and statutory damages under federal and state law.

## II. PARTIES

1. Plaintiff Clive A. Lynch is an individual and resident of the State of Texas.
2. Defendant Bank of America, N.A. is a national banking association with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28202.
3. Defendant Deutsche Bank National Trust Company is a corporate trustee with its principal office located at 1761 East St. Andrew Place, Santa Ana, California 92705, and claiming interest in the subject property.

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), § 1332 (diversity of citizenship), and § 1367 (supplemental jurisdiction). Plaintiff asserts claims under federal

statutes including the Real Estate Settlement Procedures Act (RESPA) and the Consumer Financial Protection Act (UDAAP), which establish original federal question jurisdiction.

2. Diversity jurisdiction exists under § 1332 as Plaintiff is a citizen of Texas, Defendant Bank of America, N.A. is headquartered in North Carolina, and Defendant Deutsche Bank National Trust Company is headquartered in California. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the subject property is located here.

## IV. FACTUAL BACKGROUND

During the bankruptcy proceeding, Plaintiff was directed by the court to remit mortgage payments through a court-appointed trustee, who in turn paid Bank of America on Plaintiff's behalf. However, Bank of America was receiving payments from both the bankruptcy trustee and directly from Plaintiff, who was unaware that the trustee was also making payments on his behalf. Despite receiving these duplicate payments, Bank of America did not apply or return the direct payments made by Plaintiff and failed to properly credit them to his mortgage balance. This resulted in duplicate payments being received by the Defendant and not accounted for or refunded. Defendants did not disclose these redundancies and failed to correct their records, resulting in further financial injury and distortion of Plaintiff's payment history.

Plaintiff has suffered harm through inflated balances, false reporting, and unlawful foreclosure threats.

## V. CAUSES OF ACTION

### Count I – Fraud and Misrepresentation

1. Plaintiff re-alleges and incorporates by reference all prior sections and factual allegations contained in Sections II through IV of this Complaint.

2. Defendants knowingly misrepresented material facts regarding the nature of the loan, the purpose of the property, the application of escrow, and the status of Plaintiff's payments.

3. Plaintiff relied on these misrepresentations to his detriment, resulting in financial harm, unlawful charges, and emotional distress.

4. Defendants' conduct constitutes common law fraud under Texas law. They knowingly made false representations about the Plaintiff's loan obligations, the use and status of escrow, and the validity of amounts allegedly owed. These falsehoods were material and intended to induce Plaintiff into making unnecessary or excessive payments. Defendants also concealed the duplicate payments they received both from Plaintiff and the bankruptcy trustee, and misrepresented the payment status in a way that led to threats of foreclosure.

Such conduct demonstrates intentional deception, breach of trust, and a pattern of behavior designed to unjustly enrich Defendants at Plaintiff's expense.

### Count II – Violation of RESPA (12 U.S.C. § 2605)

1. Defendants failed to properly manage escrow accounts, misapplied payments, and failed to provide notice or justification for property tax advances and insurance-related charges.

2. These acts violated RESPA and its implementing regulations at 12 C.F.R. §§ 1024.17 and 1024.35. Specifically, Defendants failed to provide required notices related to escrow account changes and failed to respond adequately to Plaintiff's inquiries and disputes regarding unauthorized charges and misapplied payments. Additionally, Defendants' failure to investigate and correct errors concerning hazard insurance, property tax disbursements, and duplication of payments from both Plaintiff and the bankruptcy trustee reflects a systemic disregard for the statutory duties imposed by RESPA.

3. Plaintiff is entitled to actual damages resulting from overcharges, financial harm, and emotional distress caused by Defendants' servicing errors and RESPA violations, as well as statutory penalties authorized under 12 U.S.C. § 2605(f).

**Count III – Violation of Bankruptcy Discharge Order (11 U.S.C. § 524)**

1. Plaintiff's Chapter 13 bankruptcy was completed and a discharge order was entered.
2. Despite this, Defendants attempted to collect on a debt that was discharged, including by issuing a $5,000 reinstatement demand.
3. These actions violated the discharge injunction under 11 U.S.C. § 524 and entitle Plaintiff to damages and sanctions. Despite the issuance of a valid bankruptcy discharge order, Defendants continued to demand payment on the discharged debt, including by presenting a $5,000 reinstatement demand to prevent foreclosure. Defendants also failed to disclose or reconcile duplicate payments received both from the bankruptcy trustee and directly from Plaintiff, causing Plaintiff to be misled regarding the loan balance and creating false delinquency claims. These post-discharge collection activities were not only unauthorized

but were also willful, causing Plaintiff to suffer financial harm, emotional distress, and a loss of trust in the integrity of the discharge process.

### Count IV – Quiet Title

1. Plaintiff seeks a declaration that Defendants have no valid interest in the subject property due to the fraudulent origination and post-discharge collection violations.
2. Plaintiff has legal title and possession of the property, having fulfilled all lawful obligations required to maintain ownership, including ongoing insurance, property maintenance, and direct payment of taxes. Plaintiff asserts that any interest claimed by Defendants is void due to fraudulent inducement at origination, unlawful servicing practices, and violations of the bankruptcy discharge order. Defendants have failed to produce valid documentation of a secured and enforceable interest in the property. Therefore, Plaintiff respectfully requests that the Court enter an order quieting title in his name alone, extinguishing any claim by Defendants as invalid and unenforceable.

### Count V – Declaratory Judgment and Injunctive Relief (28 U.S.C. § 2201)

1. An actual controversy exists regarding the enforceability of the mortgage and Defendants' ability to foreclose. Plaintiff disputes the legal validity of the mortgage due to fraudulent misrepresentation during origination, unlawful servicing practices including misapplication of payments and failure to credit trustee-paid amounts, and post-bankruptcy collection efforts that contravene federal discharge protections.
2. Plaintiff seeks a declaratory judgment that the mortgage is void and unenforceable due to these material violations, and an injunction preventing Defendants from pursuing

foreclosure, reporting the debt, or continuing any collection or enforcement actions related to the subject property.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff on all counts;

B. Declare the mortgage void and unenforceable;

C. Quiet title in favor of Plaintiff;

D. Award actual and statutory damages for fraud and RESPA violations;

E. Award damages and sanctions for violation of the bankruptcy discharge injunction;

F. Issue injunctive relief prohibiting foreclosure or further collection efforts;

G. Award attorney's fees and costs where applicable;

H. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: *Clive A. Lynch*
Clive A. Lynch
2528 Glen Garden Dr
Fort Worth, Tx 76119
(817) 696-6532
clivelynch57@gmail.com
pro se

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, QUIET TITLE, AND DAMAGES** has been served upon all Defendant by certified mail, return receipt requested, and/or by electronic filing where applicable, in accordance with the Federal Rules of Civil Procedure including:

This the 2nd of May 2025.

Grant M. Figari, SBN: 24119480
gfigari@mcguirewoods.com
MCGUIREWOODS LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
Tele. 214.932.6400
Fax 214.932.6499

Respectfully submitted,

By: /s/ Clive A. Lynch
Clive A. Lynch
2528 Glen Garden Dr
Fort Worth, Tx 76119
(817) 696-6532
clivelynch57@gmail.com
pro se