UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CLIVE A. LYNCH,**

   Plaintiff,

v.                                      No. 4:24-cv-0782-P

**DEUTSCHE NATIONAL TRUST COMPANY, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 63). Having reviewed the Motion, briefing, and applicable law, the Court will **GRANT** Defendants' Motion.

## BACKGROUND

This case was filed on July 17, 2024, in state court, and removed to this Court on August 15, 2024. ECF No. 1. Plaintiff was originally proceeding *pro se*, but by October 3, 2024, when the Parties filed their Joint Status Report, Plaintiff had obtained counsel. ECF No. 9. On October 23, 2024, the Court entered its Scheduling Order. ECF No. 17. On January 29, 2025, the Parties filed a Joint Motion to Extend Time. ECF No. 20. The Court extended the Parties deadlines thirty days. ECF No. 21. On March 14, 2025, the Parties requested an additional thirty days. ECF No. 23. The Court again extended the Parties' deadlines thirty days. ECF No. 24. A few days later, on March 18, 2025, Counsel for Plaintiff filed a motion to withdraw, which the Court granted at a March 27, 2024 hearing on the motion. ECF Nos. 27, 28. Defendants subsequently filed a Motion for Summary Judgment on the dispositive motion deadline, April 30, 2025. ECF No. 34. The Court denied that Motion and allowed Plaintiff to file an amended complaint, per his request.

Plaintiff filed his Amended Complaint (ECF No. 49) on May 23, 2025, which is the live pleading in this case. Plaintiff's Amended Complaint states five causes of action. Defendants now move the Court to dismiss all five claims.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12 (b)(6). A 12(b)(6) motion is an appropriate way to dispose of a claim for attorney's fees. *See e.g., Blanchais v. Flowserve Corp.*, No. 3:07-CV-1270-G, 2007 WL 9717596, at *2 (N.D. Tex. Nov. 19, 2007). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

# ANALYSIS

Lynch's Amended Complaint states five causes of action: (1) common law fraud; (2) violations of the Real Estate Settlement Procedures Act (RESPA); (3) violations of a bankruptcy discharge order; (4) quiet title; and (5) declaratory judgment. ECF No. 49. Defendants allege that Lynch has failed to sufficiently plead any of his claims. ECF No. 64. The Court addresses each claim in turn.

## A. Common Law Fraud

Lynch's first claim against Defendants is for common law fraud. ECF No. 49 at 4. The traditional elements of common-law fraud are: (1) a knowing or reckless material misrepresentation; (2) that the tortfeasor intended to act on; and (3) that harmed the plaintiff. *In re Deepwater Horizon*, 857 F.3d 246, 249 (5th Cir. 2017). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (cleaned up); *see also United States ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 384 (5th Cir. 2003) (explaining that "Rule 9(b) requires that the plaintiff allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud") (cleaned up).

In this case, construing Lynch's Amended Complaint liberally, the Court finds that it is completely devoid of any specific allegations that could allow the Court to determine the "who, what, when, where, and how of the alleged fraud." *See generally* ECF No. 49. Even, if the Court could consider any facts presented for the first time in Plaintiff's Response, he has still failed to sufficiently plead his claim. ECF No. 68 at 3 ("Plaintiff has sufficiently alleged fraud under Rule 9(b) by identifying who made the false representations[,] BANA and Deutsche Bank, what those representations were[,] ownership and legal interest in the loan, and how Plaintiff relied upon them to his detriment."). Plaintiff does not identify any individual working for the banks who

made a statement, any specific statements, when the statements were made, where they were made, nor how they were made (email/letter/verbally). Consequently, the Court finds that Plaintiff has failed to sufficiently plead a claim for common law fraud and Defendants' Motion is granted on this claim.

## B. RESPA

Lynch's second claim against Defendants is for violations of RESPA. ECF No. 49 at 4–5. Specifically, Lynch asserts that Defendants violated Sections 1024.17 and 1024.35 of RESPA by "fail[ing] to provide required notices related to escrow account changes and failed to respond adequately to Plaintiff's inquiries and disputes regarding unauthorized charges and misapplied payments." *Id.* at 5. Defendants assert that this claim should be dismissed because Section 1024.17 does not confer a private right of action and Lynch has not pled that he submitted a qualified written request (QWR) which is required under Section 1024.35. ECF No. 64 at 4–5. In his Response, Lynch states "[c]ontrary to Defendants' assertions, Plaintiff's RESPA claim . . . survives dismissal where servicers fail to properly respond to [QWR] or fail to provide required disclosures." ECF No. 68 at 3.

In support of his assertion, Lynch cites to "*Ocwen Loan Servicing, LLC v. Webster*, 676 F. App'x 282 (5th Cir. 2017)." But as best the Court can tell that case does not exist. The citation 676 F. App'x 282 takes the Court to *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282 (5th Cir. 2017) (which does not address QWRs), and a search for the case name comes up empty. Nevertheless, Lynch cites the case for the proposition that he may recover when Defendants fail to properly respond to a QWR, which is supported by other case law. *See Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013). But here, as Defendants point out, Lynch does not plead that he submitted a QWR— or any other document he believes to be a QWR. Therefore, Lynch has failed to plead his claim under Section 1024.35. And the Fifth Circuit has held that Section 1024.17 does not confer a private right of action. *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1302 (5th Cir. 1995) ("there

4

is no private right of action under Section 10 of RESPA."). Accordingly, Defendants' Motion is granted on Lynch's RESPA claim.

### C. Violation of Bankruptcy Order

Lynch's claim for violation of bankruptcy discharge order is based on his assertion that Defendants violated 11 U.S.C. § 524. ECF No. 49 at 5. However, this Court has held that "'§ 524 does not create a private right of action; the proper remedy for a § 524 violation is contempt.'" *Garcia v. Deno,* No. 4:20-CV-00634-P-BP, 2020 WL 5505661, at *3 (N.D. Tex. Aug. 25, 2020), *report and recommendation adopted,* No. 4:20-CV-00634-P-BP, 2020 WL 5500242 (N.D. Tex. Sept. 11, 2020) (quoting *Price v. Am.'s Servicing Co.*, No. 3:12-CV-2642-D, 2013 WL 1914939, at *3 (N.D. Tex. May 9, 2013)). And, that contempt action must be brought as a contested matter. *Id.* "[S]ection 524 merely sets forth a debtor's rights under a discharge order and does not create a new private right of action for enforcement." *Caban v. HSBC Mortgage Servs.*, 373 F. Supp. 3d 709, 716 (N.D. Tex. 2016). Therefore, Lynch's claim for the alleged violation of the discharge injunction fails because he has no private right of action to maintain such a claim. His remedy is "to bring a motion for contempt or declaratory judgment in bankruptcy court." *Id.* Accordingly, Lynch's case is dismissed without prejudice so that he may seek an appropriate order from the bankruptcy court that issued his discharge.

### D. Quiet Title

Lynch's fourth cause of action is a suit to quiet title. ECF No. 49 at 6. A plaintiff asserting a quiet title action must show: (1) he has an interest in the property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Sanders v. Wells Fargo Bank N.A. for Soundview Home Loan Tr. 2007-OPT1 as Asset-Back Certificates, Series 2007-OPT1*, No. 4:18-CV-00071, 2018 WL 4473788, at *3 (E.D. Tex. Aug. 20, 2018), *report and recommendation adopted sub nom. Sanders v. Wells Fargo Bank N.A.*, No. 4:18-CV-71, 2018 WL 4473106 (E.D. Tex. Sept. 18, 2018) (citation modified). Further, in a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of

5

ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied).

Defendants assert that Lynch's quiet title action should be dismissed because he has failed to plead his superior title, and he has not tendered the balance of the loan. ECF No. 64 at 7–8. Lynch's response states, in its entirety:

> Plaintiff has alleged that the Defendants' asserted rights in the property stem from a chain of fraudulent and void assignments. Under Texas law, a borrower may challenge the void nature of assignments that impact their title. See [sic] *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2015). Plaintiff is not required to tender under such conditions where the foreclosure itself is contested as void.

ECF No. 68 at 4.

Here, Lynch has failed to sufficiently plead that he has superior title to the property.[1] Lynch's Amended Complaint states that "Plaintiff has legal title and possession of the property, having fulfilled all lawful obligations to maintain ownership, including ongoing insurance, property maintenance, and direct payment of taxes." ECF No. 49 at 6. Courts in this circuit have consistently found that a plaintiff fails to state a quiet title action when they only plead the conclusory allegation that they are the legal and equitable owner of the property. See *Olaoye v. Wells Fargo Bank, NA*, No. 4:11-CV-772-Y, 2012 WL 1082307, at *4 (N.D. Tex. Apr. 2, 2012) (Means, J.) ("[plaintiff]'s petition contains no facts indicating that he has superior title to the mortgage property[,] . . . although he alleges in conclusory fashion that he is and remains the legal and equitable owner of the [p]roperty.") (citation modified). Accordingly, Defendants' Motion is granted as to this claim.[2]

---

[1]The Court notes that Lynch's Amended Complaint fails to identify the property at issue.

[2]Additionally, and in the alternative, Lynch's claim should be dismissed because he has failed to allege that he tendered the amount owed on the note, which is fatal to his claim. *See, e.g., Huffman v. U.S. Bank NA, et al.*, 2025 WL 554033 at *3 (N.D. Tex. Jan. 21, 2025) (Rutherford, M.J.).

## E. Declaratory Judgment

Lynch's final claim is for declaratory judgment. ECF No. 49 at 6–7. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011). "A declaratory judgment action requires the parties to litigate some underlying claim or cause of action." *Conrad v. SIB Mortgage Corp.*, No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015). When a plaintiff's other claims are to be dismissed, his request for declaratory relief must also be dismissed. *Wheeler v. U.S. Bank Nat'l Ass'n*, No. H-14-0874, 2016 WL 554846, at *8 n.53 (S.D. Tex. Feb. 10, 2016). Because the Court finds that Lynch has failed to plead his other causes of action, his claim for declaratory relief must also be dismissed. Thus, Defendants' Motion is granted on this claim.

## F. Lynch's Other Objections

In his Response, Lynch argues alternative reasons for why the Court should deny Defendants' Motion. ECF No. 68 at 2, 5–6. Those reasons are: (1) Defendants waived their Rule 12(b) defenses by participating in discovery; (2) he was prejudiced by the Court allowing Defendants to file their motion to dismiss prior to his answering their motion for leave; (3) the Motion is the same as the one that was struck for being untimely; and (4) he should be given the opportunity to amend. *Id.*

*First*, parties have an obligation to participate in discovery and the filing of a Rule 12 motion does not stay discovery. *See Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). While some courts have found that participating in discovery waived the defendant's Rule 12(b) defenses, such a finding is the exception not the rule. And the Court declines to make that finding here.

*Second*, the Court has already addressed the "fairness" issues Lynch raises regarding the granting of leave to file before he responded, but the Court will do so again here. Plaintiff made multiple requests to

7

amend his complaint, but never properly sought leave. Despite this, in denying Defendants' motion for summary judgment, the Court granted him leave file an amended complaint—despite Defendants not having an opportunity to respond. That amended complaint was filed five months after the deadline to amend pleadings had passed. *See* ECF No. 17 (setting amended pleadings deadline for December 23, 2024). Thus, fairness required that the Court give Defendants an opportunity to file a responsive pleading, even if that response was a motion to dismiss filed a month after the dispositive motion deadline. The Court reviewed Lynch's motion for reconsideration and determined that none of Lynch's objections merited granting the reconsideration.

*Third*, the Court struck Defendants' original motion to dismiss because they failed to comply with the procedural requirements. In doing so, it made no comment on the merits of the motion. Thus, the fact that it is nearly identical to the original motion is not evidence of duplicative filings, it is evidence of the filing being properly placed on the docket. In fact, Lynch did the exact same thing when he filed his Amended Complaint, as it is nearly identical to the one the Court struck because he failed to seek leave to file it out of time. *Compare* ECF No. 40, *with* ECF No. 49.

*Fourth*, and finally, Lynch requests the Court grant him leave to file a second amended complaint. Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2017 WL 11496979, at *2 (N.D. Tex. May 19, 2017). A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See id.* Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when a plaintiff has alleged his best case. *Onyeugbo v. Providencia Grp. LLC*, No. 3:22-CV-1719-B-BH, 2023 WL 3958909, at *6 (N.D. Tex. May 22, 2023) (Ramirez, M.J.) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)). Here, the Court gave Plaintiff the opportunity to amend his complaint very late in the game and after Defendants had filed their motion for summary judgment. Thus, the Court assumes that Lynch has pled his best case and his request to amend is **DENIED**.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** Defendants' Motion to Dismiss. ECF No. 62. Therefore, Lynch's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **8th day of July 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE